UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO RAYMUNDO-RAYMUNDO (A- 206-029-264),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,[1]<br>Respondents. | No. 1:26-cv-7397 TLN CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Diego Raymundo-Raymundo (A-206-029-264), a native and citizen of Guatemala who is proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] Petitioner entered the United States in 2014 without inspection. On or about August 11, 2026, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

[1] Petitioner named the warden of Otay Mesa Detention Center, where petitioner was previously detained, as one of the respondents. (ECF No. 1 at 1.) The Warden of California City Immigration Processing Center, where petitioner is currently housed, is substituted as the respondent warden. See Fed. R. Civ. P. 25(d); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[3]

Petitioner is a citizen and native of Guatemala. (ECF No. 1 at 8.) Prior to his current detention, petitioner had at least three encounters with law enforcement, including arrests for domestic violence related conduct, including felony strangulation causing wound or injury and felony abduction by force, and a conviction for driving while intoxicated. (Id. at 9; ECF Nos. 11-1 at 1, 3; 11-5 at 3.) All domestic violence related charges were dropped by the prosecution. (ECF No. 1 at 9.) All prior state court criminal matters are fully resolved, and petitioner has no pending criminal charges or outstanding warrants for his arrest. (Id. at 10.) Respondents confirm that petitioner's domestic violence arrests did not result in any criminal conviction, but petitioner sustained a conviction for driving under the influence in 2022. (ECF No. 11 at 2.)

On or about August 11, 2026, petitioner was arrested and detained by ICE outside his residence in Alexandria, Virginia. (ECF No. 1 at 4.) Petitioner's arrest was supported by an administrative warrant issued on August 11, 2026, and a Notice to Appear placing petitioner in removal proceedings was issued the same day. (ECF Nos. 11-2, 11-3.) Petitioner requested a custody redetermination hearing, which was set for October 2, 2026. (ECF Nos. 11-4, 11-6.)

Petitioner has been transferred to at least two immigration detention facilities since his August 2026 detention. (ECF No. 1 at 4.) Petitioner has been continuously detained since his August 11, 2026 detention. (Id. at 10.)

## II. PROCEDURAL BACKGROUND

On September 9, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On September 14, 2026, the district judge referred the matter to the assigned magistrate judge for further proceedings. (ECF No. 7.) On September 29, 2026, respondents timely filed a motion to dismiss. (ECF No. 11.) Petitioner did not file an opposition or otherwise respond to the motion to dismiss. (See Docket.) The motion is now submitted for decision.

///

---

[3] Petitioner filed a verified habeas petition. (ECF No. 1 at 34.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondents agree that the facts are "largely undisputed." (ECF No. 11 at 2.)

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).

Petitioner contends his detention violates the Immigration and Naturalization Act ("INA"), and the Fifth Amendment procedural due process clause. (ECF No. 1 at 30-32.) Respondents agree that petitioner is detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 11 at 1, 3-4.) Respondents argue that because petitioner was already scheduled to receive a custody

redetermination (bond) hearing before an immigration judge, petitioner has received the process due. (Id. at 4; ECF No. 11-6.) The Court agrees with respondents.

8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).

The record before the Court also indicates that § 1226(a) procedures were followed. The Department of Homeland Security made the initial custody determination on September 14, 2026, and notice of its determination was provided to petitioner. (ECF No. 11-4.) Petitioner requested a custody redetermination hearing before an immigration judge, the request was granted, and petitioner was scheduled to receive a custody redetermination hearing on October 2, 2026.[4] (Id.; ECF No. 11-6.)

Therefore, respondents' motion to dismiss should be granted, and the habeas petition should be dismissed.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Warden of California City Immigration Processing Center is substituted as the respondent warden.

---

[4] The record before the court does not indicate the result of the custody redetermination hearing. The Court notes that the ICE Online Detainee Locator shows petitioner is still in ICE custody. See https://locator.ice.gov/odls/.

Further, IT IS RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 11) be granted.
2. The petition for writ of habeas corpus (ECF No. 1) be dismissed.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/raym7397.157.2241.imm.den